

MAR 24 2008

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

ROSE JEAN GILBERT, ET AL.      :      **DOCKET NO. 2:07 CV 1681**

VS.                            :      **JUDGE MINALDI**


FEDERAL EMERGENCY             :      **MAGISTRATE JUDGE KAY**
MANAGEMENT AGENCY

### MEMORANDUM ORDER

Before the Court is a Motion to Dismiss, [doc. 3], filed by the defendant Federal Emergency Management Agency (hereinafter "FEMA"). The plaintiffs, Rose Jean Gilbert, suing individually on and behalf of her husband, Joseph, and her children Joseph Jr., Ashley, and Tiffany (hereinafter "the Gilberts"), did not file an Opposition.

The plaintiffs filed suit pursuant to the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et seq.*, alleging that on or around October 10, 2006, Ms. Gilbert was exiting her travel trailer, which is owned and furnished by FEMA, when she slipped on the steps, fell, and suffered disabling injuries.[1] The Gilberts sued FEMA in negligence for failure to provide safe steps, failing to keep the steps free of hazardous conditions, failing to properly inspect the steps, creating an unreasonable risk for Ms. Gilbert, and having actual or constructive notice of the condition that caused Ms. Gilbert's injury.[2] The Government now moves for dismissal pursuant

---

[1] Compl.¶¶ 3-4 (Oct. 10, 2007) [doc. 1].

[2] *Id.* ¶ 5.

to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction because the plaintiffs failed to first present the claim to FEMA as required by 28 U.S.C. § 2675(a).

A party may move to dismiss for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). A motion to dismiss for lack of jurisdiction under the FTCA is properly brought under FED. R. CIV. P. 12(b)(1). *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993). When the defendant presents a factual attack on subject matter jurisdiction, the plaintiff must then establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989).

The subject matter jurisdiction of federal courts over the tort liability of the United States rests upon a waiver of sovereign immunity under the FTCA. *See* 28 U.S.C. §§ 1346(b), 2671-2680. When the United States has not waived sovereign immunity, federal courts lack jurisdiction over the United States. The United States has waived its sovereign immunity under the FTCA, subject to the plaintiff's compliance with procedural requirements.[3] *See* 28 U.S.C. §§ 2401, 2675(a); *see also Hayes v. United States*, 44 F.3d 377, 378 (5th Cir. 1995) (noting that waivers of sovereign immunity are "strictly construed"). Pursuant to 28 U.S.C. § 2675(a):

> [A]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at

---

[3] The Congressional intent behind the presentation requirement was "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Adams v. United States*, 615 F.2d 284, 288 (5th Cir. 1980).

2

the option of the claimant any time thereafter, be deemed a final denial of the claim...

Thus, a plaintiff suing the United States under the FTCA must first present the claim for administrative review prior to filing suit in federal court.

FEMA argues that the Gilberts never presented their claim.  FEMA attached an affidavit by Leigh M. Hoburg, the Deputy Associate Chief Counsel for General Law in the Office of Chief Counsel for FEMA, to its Motion to Dismiss.[4]  Hoburg states that the Office of Chief Counsel logs administrative claims into a central docket, and there is no record of the Gilberts filing a claim during this time period.[5]  FEMA thus argues that this Court should dismiss the case for lack of subject matter jurisdiction because the plaintiffs failed to comply with the requirements of 28 U.S.C. § 2675(a) before bringing suit in federal court.  Because there is no evidence before the Court that the plaintiffs complied with the FTCA's presentment requirements before bringing suit,

IT IS ORDERED that the Government's Motion to Dismiss, [doc. 3], is hereby GRANTED,

IT IS FURTHER ORDERED that this case is hereby DISMISSED.

Lake Charles, Louisiana, this _19_ day of _March_, 2008.


PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] Def.'s Ex. 1 (Hoburg Aff.)

[5] Id. ¶¶ 5-7.

3